IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE OFFICIAL STANFORD INVESTORS COMMITTEE, | § § § | |
| *Plaintiff,* | § § | |
| vs. | § § | Civil Action No. 3:11-cv-00303 |
| | § | |
| AMERICAN LEBANESE SYRIAN ASSOCIATED CHARITIES, INC., ST. JUDE CHILDREN'S RESEARCH HOSPITAL/ALSAC, ST. JUDE CHILDREN'S RESEARCH HOSPITAL and LE BONHEUR CHILDREN'S MEDICAL CENTER FOUNDATION | § § § § § § § § § | JURY DEMANDED |
| *Defendants.* | § | |

## LE BONHEUR CHILDREN'S HOSPITAL FOUNDATION'S MOTION TO DISMISS SECOND AMENDED COMPLAINT AND BRIEF IN SUPPORT

Pursuant to Federal Rules of Civil Procedure 9(b), 12(b)(1), 12(b)(2), and 12(b)(6), Defendant Le Bonheur Children's Hospital Foundation[1] ("Le Bonheur") respectfully submits this Motion to Dismiss the Second Amended Complaint filed by Plaintiff the Official Stanford Investors Committee ("OSIC") and Plaintiff Ralph S. Janvey, the Receiver of Stanford International Bank, Ltd., *et al* ("the Receiver") (collectively, "Plaintiffs"). For its Motion to Dismiss, Le Bonheur relies upon its Brief in Support, which is included below. For the reasons set forth in the Brief in Support of its Motion to Dismiss, Le Bonheur respectfully submits that Plaintiffs' claims against Le Bonheur should be dismissed with prejudice.

---

[1] Le Bonheur Children's Hospital Foundation was incorrectly sued in this case as Le Bonheur Children's Medical Center Foundation.

1

This the 21st day of January, 2016.

LE BONHEUR CHILDREN'S HOSPITAL
FOUNDATION

By Its Attorneys,

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.

By:   s/Buckner Wellford
          BUCKNER WELLFORD

By:   s/Jacob A. Dickerson
          JACOB A. DICKERSON

EMMERT & PARVIN, L.L.P.

By:   s/Matthew W. Sparks
          MATTHEW W. SPARKS

OF COUNSEL:
Buckner Wellford (admitted pro hac vice)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
165 Madison Avenue, 18th Floor
Memphis, Tennessee  38103
(901) 526-2000 – telephone
(901) 577-2303 – facsimile

Jacob A. Dickerson (admitted pro hac vice)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
165 Madison Avenue, 18th Floor
Memphis, Tennessee  38103
(901) 526-2000 – telephone
(901) 577-0805 – facsimile

Matthew W. Sparks
EMMERT & PARVIN, L.L.P.
1701 N. Market St., Ste. 404
Dallas, Texas 75202
(469) 607-4507 - telephone & facsimile

M JAD1 2727431 v1
2781581-000105

## BRIEF IN SUPPORT OF LE BONHEUR'S MOTION TO DISMISS

### I.      Introduction and Summary.

OSIC filed this case against Le Bonheur and the St. Jude Defendants on February 15, 2011.  Almost five years later, on December 11, 2015, OSIC filed its Motion for Leave to File Second Amended Complaint (Doc. 145) ("Motion for Leave") in response to the Defendants' request for mandamus relief from the Fifth Circuit regarding whether this action should have been dismissed for lack of subject matter jurisdiction under 28 U.S.C. § 754.  Le Bonheur and the St. Jude Defendants filed Responses in Opposition to the Motion for Leave (Docs. 147, 148), asserting that the Motion should be denied, *inter alia*, because it was futile.  Thereafter, the Court granted OSIC's Motion for Leave (Doc. 149) and directed the Defendants to file Motions to Dismiss by January 21, 2016.

Plaintiffs' Second Amended Complaint should be dismissed for four reasons.  First, Le Bonheur incorporates and reasserts its arguments in favor of dismissal that it advanced in its original Motion to Dismiss and its Motion for Summary Judgment, which incorporated by reference the arguments put forward by the St. Jude Defendants.

Second, the Second Amended Complaint should be dismissed for lack of subject matter jurisdiction.  The addition of the Receiver as a plaintiff cannot retroactively create jurisdiction that did not exist at the time OSIC originally filed this case.  When a federal court lacks subject matter jurisdiction over the original complaint, it cannot permit the addition of a new party to create jurisdiction.  Furthermore, the Court lacks diversity of citizenship subject matter jurisdiction over Le Bonheur.

Third, the Receiver assigned and disclaimed all of his putative claims against Le Bonheur to OSIC.  As a result, the Receiver has no claims against Le Bonheur, and thus he cannot state a

1

claim against Le Bonheur.   Therefore, his addition as a party does nothing to cure the jurisdictional defects as between OSIC and Le Bonheur.

Fourth, this Court does not have personal jurisdiction over Le Bonheur, such that diversity jurisdiction provides no remedy for the jurisdictional defects as to Le Bonheur in this case.   For these reasons, and pursuant to Federal Rules of Civil Procedure 9(b), 12(b)(1), 12(b)(2), and 12(b)(6), Le Bonheur's Motion to Dismiss should be granted, and Plaintiffs' claims against Le Bonheur should be dismissed with prejudice.

**II.      Incorporation and Adoption of Le Bonheur's Previous Motions and Briefs and the St. Jude Defendants' Motion to Dismiss.**

Le Bonheur's original Motion to Dismiss and its Motion for Summary Judgment (which include the incorporation of the St. Jude Defendants' Motion to Dismiss, Motion for Summary Judgment, and related filings) establish that Plaintiffs' claims against Le Bonheur should be dismissed with prejudice.   In its July 22, 2015 Order (Doc. 124), the Court addressed Le Bonheur's earlier dispositive motions and held that jurisdiction over Le Bonheur is proper under 28 U.S.C. § 754.   Le Bonheur respectfully disagrees with the Court's rulings in its July 22, 2015 Order and reserves all of its appeal rights.   As a result, Le Bonheur incorporates in this Brief all of the arguments, submissions, and case law contained in Le Bonheur's Motion to Dismiss and related submissions (Docs. 22, 22-1, 26) and Le Bonheur's Motion for Summary Judgment and related submissions (Docs. 84-86, 98-99, 116).

Le Bonheur also incorporates and adopts the arguments, submissions, and case law contained in the St. Jude Defendants' Motion to Dismiss the Second Amended Complaint.   For all of the reasons set forth in these briefs and submissions, and pursuant to Federal Rules of Civil Procedure 9(b), 12(b)(1), 12(b)(2), and 12(b)(6), Le Bonheur's Motion to Dismiss should be granted, and Plaintiffs' claims against Le Bonheur should be dismissed with prejudice.

M JAD1 2727431 v1
2781581-000105

### III. The Court Lacks Subject Matter Jurisdiction.

#### A. The addition of the Receiver as Plaintiff cannot create jurisdiction retroactively where it did not previously exist.

As discussed in the Defendants' Responses in Opposition to the Motion for Leave, an amendment may remedy jurisdictional problems of the "technical" or "formal" variety, but it may not "create an entirely new jurisdictional basis to provide competence in a court which lacked authority over the case *ab initio*." *See Katrina Canal Breaches Litig.*, 342 Fed. Appx. 928, 931-932 (5th Cir. 2009) (citing *Falise v. Am. Tobacco Co.*, 241 B.R. 63, 67 (E.D.N.Y. 1999)); s*ee also Whitmire v. Victus Ltd.,* 212 F.3d 885, 888 (5th Cir. 2000); *Aetna Casualty & Surety Co. v. Hillman*, 796 F.2d 770, 775 (5th Cir. 1986); *United States v. U.S. Fid. & Guar. Co.*, 959 F. Supp. 345, 347 (E.D. La. 1996) ("[W]hen a federal court lacks jurisdiction over the original complaint, as is the instant situation, the Federal Rules of Procedure do not allow the addition of a new party to create jurisdiction.").

To the extent that the Court did not previously have jurisdiction under 28 U.S.C. § 754, the addition of the Receiver as a plaintiff on January 7, 2016 cannot establish subject matter jurisdiction if it was lacking when OSIC was the only plaintiff. *See, e.g., Arena v. Graybar Elec. Co., Inc.*, 669 F.3d 214, 224 (5th Cir. 2012) (recognizing that amendments "cannot be used to create jurisdiction retroactively where it did not previously exist."). For the reasons discussed in the Motions and Briefs incorporated and adopted above, the Court lacked subject matter jurisdiction under 28 U.S.C. § 754 at the time of filing, such that the addition of the Receiver as a plaintiff cannot create jurisdiction now.

3

**B.      The Court lacks diversity jurisdiction because the Receiver and OSIC have the citizenship of the entities that they each represent.**

As discussed in the St. Jude Defendants' Motion to Dismiss the Second Amended Complaint, this Court lacks diversity jurisdiction over this case because Plaintiffs have failed to plead and prove diversity jurisdiction.  Because the Receiver and OSIC both have the citizenship of the entities that they each represent for diversity jurisdiction purposes, neither the Receiver nor OSIC can establish that they both have a different citizenship from each of the Defendants. As a result, diversity fails and the Court lacks subject matter jurisdiction over Le Bonheur pursuant to 28 U.S.C. § 1332(a).

**IV.      The Receiver Has No Claims Against Le Bonheur, and Thus He Cannot State a Claim Against Le Bonheur.**

As discussed in Le Bonheur's previous dispositive Motions and Briefs, the Receiver assigned and disclaimed all of his putative claims against Le Bonheur to OSIC.  As a result, the Receiver has no claims against Le Bonheur, and therefore he cannot state a claim against Le Bonheur.  Therefore, his addition as a party does not cure the 28 U.S.C. § 754 jurisdictional defects as between OSIC and Le Bonheur.

The Receiver, by written assignment, has expressly disavowed any interest in this litigation and/or to receive <u>any</u> portion of recovery from this case:

> For and in consideration of the sum of Ten Dollars ($10.00) and other good and valuable consideration, the receipt of which is hereby acknowledged, the Receiver does hereby **irrevocably assign** to the Official Stanford Investors Committee any and all causes of action he might have against the St. Jude Children's Research Hospital and Le Bonheur Children's Medical Center Foundation for claims arising under applicable law relating to fraudulent transfer and/or under the doctrine of unjust enrichment . . . . The Receiver **specifically retains no portion of these causes of action** he might have against St. Jude Children's Research Hospital and Le Bonheur Children's Medical Center Foundation.

*                            *                            *

4

> The Receiver specifically agrees that the Official Stanford Investor's Committee may file any and all causes of action based upon the assignments herein in its own name **but not in the name of the Receiver.**  (emphasis added.)

(*See* Assignment between Receiver and OSIC, Feb. 11, 2011, Appendix in Support of Response to Motion for Summary Judgment (Doc. 99-2) at pp. 5-6.)  Clearly, the Receiver retains no interest or claim as to Le Bonheur, and he should be dismissed for failure to state a claim pursuant to Rule 12(b)(6).  As a result, the addition of the Receiver as a plaintiff has no impact on whether this Court has 28 U.S.C. § 754 jurisdiction over Le Bonheur.  And for the reasons set forth in the Motions and Briefs incorporated and adopted above, OSIC's claims should be dismissed pursuant to Rule 12(b)(1) for lack of 28 U.S.C. § 754 jurisdiction.

**V.      This Court Does Not Have Personal Jurisdiction Over Le Bonheur.**

This Court has held that jurisdiction over Le Bonheur is proper under 28 U.S.C. § 754 (*see* July 22, 2015 Order at Doc. 124).  As noted above, Le Bonheur respectfully disagrees with the Court's decision and reserves all of its appeal rights.  The Second Amended Complaint alleges diversity jurisdiction against Le Bonheur as a fail-safe if it is later determined that 28 U.S.C. § 754 provides no basis for jurisdiction over Le Bonheur.  However, the Second Amended Complaint's diversity jurisdiction allegations must be dismissed because the Court does not have personal jurisdiction over Le Bonheur.

"In a diversity suit, a federal court has personal jurisdiction over a nonresident defendant to the same extent that a state court in that forum has such jurisdiction.  *Wilson v. Belin*, 20 F.3d 644, 646 (5th Cir. 1994) (citing *Bullion v. Gillespie*, 895 F.2d 213, 215 (5th Cir. 1990)).  Thus, a federal court sitting in Texas may exercise *in personam* jurisdiction over a non-resident corporate defendant only if: (1) Texas's long arm statute confers personal jurisdiction *and* (2) the exercise of personal jurisdiction comports with the Due Process Clause of the United States

5

Constitution. *Mink v. AAAA Dev. Co., LLC*, 190 F.3d 333, 335 (5th Cir. 1999); *Lackshaw v. H. E. Johnson,* 167 F.3d., 208, 211 (5th Cir. 1999).

Le Bonheur has thoroughly briefed the issue of the Court's lack of personal jurisdiction over Le Bonheur in its previous Motion to Dismiss papers (Docs. 22, 22-1, 22-2, and 26) and Summary Judgment submissions (Docs. 84-86, 98-99, and 116). Le Bonheur incorporates herein its arguments concerning the Texas long arm statute, minimum contacts, due process, fundamental fairness, specific personal jurisdiction, and general personal jurisdiction.

As discussed in these previous submissions, Le Bonheur is located in Tennessee and was a Tennessee non-profit corporation at the time that it received the donations at issue. (*See* Affidavit of Kavanaugh Casey, ¶ 2, Appendix to Le Bonheur's Motion for Summary Judgment (Doc. 86), at App. pp. 1-4) (hereinafter, "Casey Affidavit"). The solicitations for the pledges from Stanford took place in Tennessee by a Tennessee resident, and the Stanford pledges were made and approved by James Davis, the Chief Financial Officer for Stanford, in Memphis, Tennessee. (Casey Affidavit, ¶ 6.) The funds at issue were wire transferred into Le Bonheur's bank account in Memphis, Tennessee. (Casey Affidavit ¶ 8.) Additionally, the donations from Stanford were used to build a children's hospital in Memphis, Tennessee. (Casey Affidavit ¶ 5.) Le Bonheur's relationship with Stanford and all of the dealings between the parties were centered entirely in Tennessee. (Casey Affidavit ¶¶ 6-8.) Finally, Le Bonheur has no offices in the State of Texas, no staff in the State of Texas, no connection to the State of Texas, and no relationship with the State of Texas. (Casey Affidavit ¶ 9.) Accordingly, the Complaint's allegations as to Le Bonheur took place in Tennessee; Le Bonheur is a Tennessee non-profit corporation; and the entire relationship between Le Bonheur and Stanford took place in Tennessee.

M JAD1 2727431 v1
2781581-000105

Plaintiffs do not allege and cannot prove that this Court has either general or specific personal jurisdiction over Le Bonheur. Plaintiffs' Second Amended Complaint is devoid of allegations that might establish general personal jurisdiction, which requires that a defendant's "affiliations with the State are so continuous and systematic as to render it essentially at home in the forum State." *Daimler AG v. Bauman*, 134 S. Ct. 746, 749 (2014). And this Court lacks specific jurisdiction over Le Bonheur because Le Bonheur does not have sufficient minimum contacts with Texas to establish jurisdiction. *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945); *McFadin v. Gerber,* 587 F.3d 753, 760 (5th Cir. 2009); *Holt Oil & Gas Corp. v. Harvey,* 801 F.2d 773, 777 (5th Cir. 1986); *Valero Mktg. & Supply v. General Energy Corp.* 702 F. Supp. 2d 706, 714 (S.D. Tex. 2010). Le Bonheur has no relationship with the forum state of Texas, and Plaintiffs' Second Amended Complaint as to Le Bonheur arises from acts that took place solely in Memphis, Tennessee, and not Texas. Thus, this Court has no specific personal jurisdiction over Le Bonheur.

Even if Plaintiffs could somehow satisfy the requirements of "minimum contacts," this Court would still lack specific personal jurisdiction over Le Bonheur because the exercise of personal jurisdiction would not be "fair and reasonable." *McFadin*, 587 F.3d at 759. Le Bonheur has not purposely availed itself of the protection of the state of Texas. It does not do any business whatsoever in Texas, has no Texas employees, and does not own Texas realty. As a result, the elements of fairness and reasonableness weigh heavily against the exercise of personal jurisdiction as to Le Bonheur.

For these reasons and for the reasons discussed in Le Bonheur's previous submissions on the issue of personal jurisdiction, Le Bonheur respectfully submits that this Court lacks personal jurisdiction over OSIC's claims against Le Bonheur, such that there is no basis for this Court to

7

exercise diversity jurisdiction in this case.   As a result, the Second Amended Complaint's

diversity and personal jurisdiction allegations as to Le Bonheur must be dismissed pursuant to

Rule 12(b)(1) and Rule 12(b)(2).

## VI.     Conclusion.

For all the reasons discussed above, Le Bonheur respectfully submits that this Motion to

Dismiss should be granted and that Plaintiffs' claims against Le Bonheur should be dismissed

with prejudice.

This the 21st day of January, 2016.

LE BONHEUR CHILDREN'S HOSPITAL
FOUNDATION

By Its Attorneys,

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.

By:   s/Buckner Wellford
        BUCKNER WELLFORD

By:   s/Jacob A. Dickerson
        JACOB A. DICKERSON

EMMERT & PARVIN, L.L.P.

By:   s/Matthew W. Sparks
        MATTHEW W. SPARKS

OF COUNSEL:
Buckner Wellford (admitted pro hac vice)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
165 Madison Avenue, 18th Floor
Memphis, Tennessee  38103
(901) 526-2000 – telephone
(901) 577-2303 – facsimile

M JAD1 2727431 v1
2781581-000105

Jacob A. Dickerson (admitted pro hac vice)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
165 Madison Avenue, 18th Floor
Memphis, Tennessee  38103
(901) 526-2000 – telephone
(901) 577-0805 – facsimile

Matthew W. Sparks
EMMERT & PARVIN, L.L.P.
1701 N. Market St., Ste. 404
Dallas, Texas 75202
(469) 607-4507 - telephone & facsimile

## CERTIFICATE OF SERVICE

This is to certify that on January 21, 2016, a true and correct copy of the foregoing document has been served on all counsel of record through this Court's ECF system in accordance with Rule 5 of the Federal Rules of Civil Procedure and/or N.D. Texas Miscellaneous Order No. 61 (service on counsel who have consented to electronic service).

By:   s/Jacob A. Dickerson
      JACOB A. DICKERSON

9

M JAD1 2727431 v1
2781581-000105